NOTICE

Decision filed 08/07/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 241003-U

NO. 5-24-1003

IN THE

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| ROBERT DORMAN and DOUGLAS HULME, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiffs-Appellants, | ) | Madison County. |
| | ) | |
| v. | ) | No. 23-LA-1119 |
| | ) | |
| MADISON COUNTY, ILLINOIS, DAVID VUCICH, THOMAS GIBBONS, CHRIS SLUSSER, RICK FACCIN, RAY WESLEY, MIKE WALTERS, JAMIE GOGGIN, ERICA HARRISS, THOMAS MCREA, PATRICK MCREA, JEFF CONNOR, MIKE PARKINSON, BOB DAIBER, JENNIFER ZOELZER, WILLIAM MUDGE, JENNIFER MUDGE, JENNIFER GOGGIN, and CHRIS BETHEL, | ) ) ) ) ) ) ) ) ) | |
| | ) | Honorable |
| | ) | Zachary A. Schmidt, |
| Defendants-Appellees. | ) | Judge, presiding. |

JUSTICE CLARKE delivered the judgment of the court.
Justices Boie and McHaney concurred in the judgment.[*]

**ORDER**

¶ 1    *Held*: We affirm the circuit court's granting of the defendants' motions to dismiss where (1) the claims against all of the defendants, except one, were barred by the applicable statute of limitation; and (2) the circuit court lacked jurisdiction over the claims against the one remaining defendant under the Illinois State Immunity Act.

---

[*]Justice Moore fully participated in the decision prior to his retirement. See *Cirro Wrecking Co. v. Roppolo*, 153 Ill. 2d 6 (1992). Justice Clarke was substituted on the panel and has listened to oral arguments and read the briefs.

1

¶ 2    The plaintiffs, Robert Dorman and Douglas Hulme, appeal from an order of the Madison County Circuit Court granting the defendants, Madison County, Illinois; David Vuchich; Thomas Gibbons; Chris Slusser; Rick Faccin; Ray Wesley; Mike Walters; Jamie Goggin; Erica Harris; Thomas McRea; Patrick McRea; Jeff Connor; Mike Parkinson; Bob Daiber; Jennifer Zoelzer; (Ret.) Judge William Mudge; Jennifer Mudge; Jennifer Goggin; and Chris Bethel, motions to dismiss the plaintiffs' complaint on various grounds.

¶ 3                                    I. BACKGROUND

¶ 4    On April 16, 2020, the plaintiffs were terminated from their employment with Madison County following a meeting by the Madison County Board. On April 14, 2021, a tolling agreement[1] between Madison County and the plaintiffs, which extended the statute of limitations for 120 days, was reached. Then, on August 6, 2021, within the period tolled by the agreement, the plaintiffs filed their initial lawsuit in the Madison County Circuit Court against these and additional defendants related to the termination of their employment with Madison County.

¶ 5    On November 8, 2021, the defendants removed the case from Madison County to the Federal District Court for the Southern District of Illinois on the basis of the plaintiffs' federal civil rights claim. Following removal, all the defendants, except William Mudge and Jack Daugherty[2], filed or joined motions to dismiss. On March 23, 2022[3], the Federal District Court entered an order granting the defendants' motions to dismiss.

---

[1]There is a dispute between the parties as to whether the tolling agreement would apply only to Madison County or to Madison County and its codefendant employees. However, this dispute is immaterial to the disposition of this appeal, and thus we will not address it.

[2]Jack Daughtery, a party to the initial complaint, is not a party to the instant complaint operative in the case below and now on appeal.

[3]There is a discrepancy in the briefing as to the date of the order. The Federal District Court order is dated March 23, 2022; however, it is file-stamped March 24, 2022. The parties refer to this order using both of these dates. For the sake of consistency, this order will be referred to as the March 23, 2022, order in this disposition as the date of the order does not affect the disposition of this appeal.

¶ 6     On July 12, 2022, the Federal District Court entered a show cause order against the plaintiffs to explain why the court should not dismiss the entire action for failure to serve the two remaining defendants. On August 15, 2022, after the plaintiffs failed to show cause, the Federal District Court dismissed the case without prejudice against the two remaining defendants, William Mudge and Jack Daughtery, on the grounds that the plaintiffs failed to serve the defendants within the time frame set for by the federal rules of civil procedure and on the basis that the plaintiffs had failed to prosecute the case.

¶ 7     On August 11, 2023, the plaintiffs filed their complaint in the instant suit in the Circuit Court of Madison County. The complaint contained a total of thirty counts against the 18 named defendants, split into five different causes of action: counts I through VII for tortious interference, counts VIII through XII for civil eavesdropping, counts XIII through XVIII for conspiracy / whistleblower, counts XIX through XXIV for defamation, and counts XXV through XXX for intentional infliction of emotional distress.

¶ 8     On November 9, 2023, four motions[4] to dismiss the plaintiffs' complaint were filed by the defendants. The motions to dismiss covered multiple grounds for dismissal, including claims of immunity, that the statute of limitations had run, that the circuit court lacked jurisdiction, that the plaintiffs were claim splitting, that the plaintiffs failed to properly plead certain claims, and that the plaintiffs failed to state a claim.

¶ 9     On January 23, 2024, the plaintiffs filed their response to the defendants' motions to dismiss. Following additional briefing by the parties and a hearing on May 14, 2024, the circuit

---

[4]There were four motions to dismiss filed, each from different defendants. Motion one was filed by Judge William Mudge. Motion two was filed by Christopher Slusser and Patrick McRea. Motion three was filed by Jeff Connor, David Vucich, and John Lakin. Motion four was filed by Madison County, Ray Wesley, Erica Harriss, Jamie Goggin, Tom McRea, Mike Walters, Mike Parkinson, Chris Bethel, Jennifer Zoelzer, Rick Faccin, Thomas Gibbons, Bob Daiber, and Jennifer Mudge.

court entered its order dismissing the complaint as to all the defendants on May 31, 2024. The circuit court did so on multiple grounds, including improper claim splitting, failure by the plaintiffs to properly plead, failure by the plaintiffs to state a claim, prosecutorial immunity, judicial immunity, lack of jurisdiction, and the statute of limitations.

¶ 10　Following the entry of the circuit court's order, the plaintiffs filed a motion to rehear and reconsider the May 31, 2024, order. The defendants responded, and on September 6, 2024, the motion to reconsider was denied. The plaintiffs' timely appeal.

¶ 11　　　　　　　　　　　　　　II. ANALYSIS

¶ 12　On appeal, the plaintiffs argue that the trial court erred when it (1) found that the plaintiffs had engaged in claim splitting, (2) found that the plaintiffs failed to state a claim for tortious interference, (3) found that prosecutorial immunity applied to defendants Thomas Gibbons and Jennifer Mudge, (4) found that William Mudge was absolutely immune as a matter of law, (5) found that the claims were barred under the statute of limitations set forth in the tort immunities act, (6) found that the wiretap was not inappropriately used, (7) found that the plaintiffs failed to properly plead their counts of civil conspiracy, (8) found that the plaintiffs failed to properly plead publication of the alleged defamatory statements, and (9) found that the plaintiffs failed to properly allege egregious conduct sufficient to support a claim of intentional infliction of emotional distress.

¶ 13　We begin our analysis by noting that when an appellate court reviews a circuit court's rulings on a motion to dismiss, we do so under a *de novo* standard of review. *Bouton v. Bailie*, 2014 IL App (3d) 130406, ¶ 7.

¶ 14　Additionally, we note that while the plaintiffs raise nine issues on appeal, we find that two of the issues raised, whether the statute of limitations applies and whether William Mudge was acting in an official capacity as a state employee, are dispositive of all claims of error on appeal.

4

Therefore, we do not reach the plaintiffs' remaining claims of error. See *Goral v. Dart*, 2020 IL 125085 ¶ 76 ("reviewing courts ordinarily will not consider issues that are not critical to the disposition of the case presented or where the result will not be affected regardless of how the issues are decided.").

¶ 15                                A. Statute of Limitations

¶ 16     As it is dispositive of the majority of the claims on appeal, we turn first to the plaintiffs' argument that the trial court erred when it found that the statute of limitations had run. As the plaintiffs concede in their brief, because this is a lawsuit against a local government entity and its employees, the Illinois Tort Immunity Act is the applicable statute of limitation in this case. Under section 8-101(a) of the Local Government and Governmental Employees Tort Immunity Act (745 ILCS 10/8-101(a) (West 2022)), "[n]o civil action *** may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued." 745 ILCS 10/8-101(a) (West 2022). Therefore, this 1-year period is the time period the plaintiffs would ordinarily have to file their case.

¶ 17     The plaintiffs were fired from their employment with Madison County on April 16, 2020. Thus, the 1-year statutory limitations period would have run through April 16, 2021. However, in this case, the plaintiffs reached a tolling agreement with defendant Madison County, Illinois, that extended the statute of limitations by agreement for 120 days. Thus, when plaintiffs filed their initial case on August 6, 2021, against Madison County, their filing was timely.

¶ 18     The initial case was later removed to federal court on November 8, 2021, and was then dismissed as to all defendants in the present case, except William Mudge, in an order dated March 23, 2022. On August 15, 2022, the remaining claims against William Mudge were dismissed

5

without prejudice for the plaintiffs' failure to serve him and for the plaintiffs' failure to prosecute the case.

¶ 19     The plaintiffs then filed this petition on August 11, 2023, nearly three years after they were fired by the Madison County Board. Thus, defendant's filing of this complaint is untimely under the applicable statute of limitations unless an exception applies.

¶ 20     Therefore, in attempting to keep their claims alive, the plaintiffs raise two exceptions to the statute of limitations in their brief. First, they argue the continuing violation doctrine means that the original 1-year statute of limitations has not yet run due to the defendants' ongoing tortious behavior. Second, they argue the Illinois Savings Statute is applicable to provide an extended limitation period in this case because the previous federal case was dismissed without prejudice.

¶ 21     1. *The Continuing Violation (Continuing Tort) Doctrine*

¶ 22     The first exception to the statute of limitations that the plaintiffs argue is the continuing violation (continuing tort) doctrine. Specifically, the plaintiffs contend that the defendants have engaged in continuing tortious behavior such that the "continuing violation rule" should apply because, according to the plaintiffs, the defendants have withheld, and continue to withhold, information related to the plaintiffs' firing despite the plaintiffs' Freedom of Information Act (FOIA) requests and related lawsuits. The plaintiffs therefore argue that the tortious conduct is ongoing and the original 1-year statute of limitations period has not yet run.

¶ 23     In response, the defendants, with the exception of William Mudge, argue that in each count the alleged injury sustained was, or related to, the termination of the plaintiffs' employment. Thus, they contend that at the very latest, the plaintiffs' causes of action accrued when they were fired from their employment with Madison County on April 16, 2020. They further contend that the conduct cited by the plaintiffs, that the defendants are concealing their actions, is insufficient to

6

constitute a continuing violation. Therefore, the defendants, except for William Mudge, contend that the plaintiffs are outside the 1-year statute of limitations period for their claims.

¶ 24     In general, the limitations period begins to run when the interest at issue is invaded. *Taylor v. Board of Education of the City of Chicago*, 2014 IL App (1st) 123744 ¶ 46. However, under the "continuing tort" or "continuing violation" theory, where the tort involves continuous or repeated injurious behavior by the same actor and of a similar nature, the limitations period is held in abeyance, and the plaintiff's cause of action does not accrue until the date the final injury occurs or the tortuous acts cease. *Taylor*, 2014 IL App (1st) 123744 ¶ 46.

¶ 25     It is also important to note what does *not* constitute a continuing tort. A continuing violation or tort is occasioned by continuing unlawful acts and conduct, not by continual ill effects from an initial violation. *Feltmeier v. Feltmeier*, 207 Ill. 2d 263, 278 (2003). Thus, where there is a single overt act from which subsequent damages may flow, the statute begins to run on the date the defendant invaded the plaintiff's interest and inflicted injury, and this is so despite the continuing nature of the injury. *Feltmeier*, 207 Ill. 2d at 279. A continuing tort, therefore, does not involve tolling the statute of limitations because of delayed or continuing injuries, but instead involves viewing the defendant's conduct as a continuous whole for prescriptive purposes. *Feltmeier*, 207 Ill. 2d at 279.

¶ 26     Here, as the defendants point out, the plaintiffs link all the counts in their complaint to the termination of their employment on April 16, 2020, and the actions the various defendants took before that date. Thus, even if the defendants' actions qualified as a continuing series of torts, the last event in the course of conduct would be the plaintiffs' firing. While there may have been delayed or continuing injuries, the Illinois Supreme Court has made it clear we do not consider those for the purpose of determining whether there was a continuing tort.

7

¶ 27    Additionally, the plaintiffs' contention that there is ongoing tortious conduct by the defendants sufficient to invoke the continuing violation doctrine fails because the type of conduct they allege is continuing, concealing information and stonewalling FOIA requests, are clearly not part of the course of conduct which led to the defendants' firing. Rather, they are post-injury attempts to garner information related to the injury, something that would normally be done through discovery.

¶ 28    Therefore, because there is no continuing tortious conduct of the type required to invoke the continuing tort doctrine, we find that doctrine inapplicable here. Consequently, we find that this complaint has been filed outside the 1-year timeframe from the last instance of tortious behavior.

¶ 29                                   2. *Savings Statute*

¶ 30    The second exception to the statute of limitations that the plaintiffs argue is the Illinois Savings Statute. Specifically, the plaintiffs contend that even if the continuing tort doctrine does not apply, the March 23, 2022, dismissal of the federal case was without prejudice and that therefore they are not barred from refiling the action. Further, the plaintiffs contend that because they refiled the complaint in Illinois within 1-year of the August 15, 2022, dismissal of the initial case, the savings statute applies to save their claims.

¶ 31    In response, the defendants, with the exception of William Mudge, argue that the federal court's dismissal of the counts against them for failure to state a claim on March 23, 2022, is not a dismissal covered by the Illinois Savings Statute and thus it does not preserve the plaintiffs' claim. Further, the defendants, except for William Mudge, contend that even if the Savings Statute did apply, its period expired in March of 2023, 1-year after the claims were dismissed and months before the plaintiffs filed the instant lawsuit. In their reply brief, the plaintiffs respond that they

8

timely filed the instant suit after the final dismissal of their remaining claims against William Mudge and Jack Daughtery on August 15, 2022, and thus that the claims do fall within the 1-year savings statute provision.

¶ 32    The Illinois Savings Statute operates to provide plaintiffs with a one year period to refile actions in the following instances where their case is reversed or dismissed: (1) where judgment is entered for plaintiff but reversed on appeal; (2) where there is a verdict in favor of the plaintiff and, upon a motion in arrest of judgment, the judgment is entered against the plaintiff; (3) where the action is voluntarily dismissed by the plaintiff; (4) where the action is dismissed for want of prosecution; or (5) where the action is dismissed by a United States District Court for lack of jurisdiction or improper venue. 735 ILCS 5/13-217 (West 1994)[5]. Because the savings statute enumerates the circumstances under which the statute of limitations for certain actions may be extended, where a circuit court dismisses an action for a non-enumerated reason, the savings statute does not apply and cannot provide a basis for extending the statute of limitations. *Reyes v. Court of Claims*, 299 Ill. App. 3d 1097, 1104 (1998).

¶ 33    Here, the Federal District Court's March 23, 2022, dismissal of the plaintiffs' case does not trigger the savings statute because, even though it was dismissed without prejudice, it was not dismissed for one of the enumerated reasons in the savings statute, and thus the savings statute does not apply. Therefore, the plaintiff's suit must be dismissed as untimely as to all the defendants except William Mudge, who was not a party to the March 23, 2022, dismissal, and whose case was dismissed for a reason under the savings statute.

---

[5]Public Act 89–7, which amended section 13–217 of the Code of Civil Procedure (735 ILCS 5/12-217 (West 1994)) effective March 1995 (Pub. Act 897 (eff. Mar. 9, 1995)), was held to be unconstitutional in its entirety by the Illinois Supreme Court in *Best v. Taylor Machine Works*, 179 Ill. 2d 367 (1997). Accordingly, the effective version of section 13–217 of the Code of Civil Procedure is the version that was in effect prior to the March 1995 amendment. *Hudson v. City of Chicago*, 228 Ill. 2d 462, n1 (2008).

¶ 34    However, even if the savings statute did apply to the March 23, 2022, dismissal, we note that plaintiffs filed this case outside the 1-year period provided for in the savings statute, as the case was refiled August 11, 2023, more than a year after the claims were dismissed. See *Baird & Warner, Inc. v. Addison Industrial Park, Inc.*, 70 Ill. App. 3d 59, 74 (1979) ("where, as here, there is more than one claim, the period for refiling runs from the date the particular claims are dismissed and not from the date of the final judgment as to the remaining claims."[6]). Therefore, plaintiffs' suit would still have to be dismissed as untimely as to all the defendants except for William Mudge, who had the claims dismissed against him on August 15, 2022, and who would therefore be within the 1-year savings statute window.

¶ 35                                  B. The Court of Claims Act

¶ 36    As it is dispositive of the remaining claims on appeal, we turn next to the plaintiffs' argument that the trial court erred when it found that Judge William Mudge claimed immunities (statement to law enforcement and judicial immunity) that applied as a matter of law. First, the plaintiffs contend that William Mudge's claimed "statement to law enforcement" privilege is a qualified immunity, and that therefore it presents questions of fact that must go to the jury. Second, the plaintiffs contend that William Mudge's conduct meets one of the two exceptions to judicial immunity, and therefore, he is not entitled to invoke it.

¶ 37    In response, William Mudge argues that he is entitled to the "statement to law enforcement" and "judicial immunity" privileges as a matter of law. He also contends that the circuit court properly dismissed the lawsuit against him because the claims were "barred unless brought under

_____

[6]We note that in *Baird*, the court cites to "Section 24a of the Limitations Act", which was the predecessor of Section 13-217 of the Code of Civil Procedure. See *Reyes*, 299 Ill. App. 3d at 1104 (Section 24 of the Limitations Act is now section 13-217 of the Code of Civil Procedure.)

the Court of Claims Act 745 ILCS 5/1"[7] because the actions he is being sued for were undertaken in his official capacity as a State employee. He further contends that the plaintiffs have waived argument on this point by failing to brief the issue. We agree and find the issue forfeited. Ill. S. Ct. R. 341 (h)(7) (eff. Oct. 1, 2020) (Points not argued in an opening brief are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing.) In their reply brief, the plaintiffs do not address the court of claims or forfeiture arguments raised by William Mudge beyond their section heading, but they do reassert their earlier claims that William Mudge is not entitled to any privileges or immunities.

¶ 38    The State Lawsuit Immunity Act (745 ILCS 5/1 *et seq.* (West 2022)) immunizes the State from suit except when brought under the Court of Claims Act and a few other exceptions. When a State employee is sued while acting in his official capacity, sovereign immunity will bar the cause of action in the circuit court to prevent third parties from controlling State employees. *Currie v. Lao*, 148 Ill. 2d 151, 158-59 (1992). Additionally, Illinois State judges are employees of the State of Illinois. See *Amu v. Snyder*, 2014 IL App 1st 123731-U ¶ 19[8].

¶ 39    Here, the plaintiffs have forfeited any argument that the trial court erred when it found William Mudge to be acting in his official capacity as a state employee by failing to raise it in their initial briefing. Therefore, we affirm the trial court's finding that William Mudge was acting as a state employee in his official capacity and thus any claims brought against him would be barred unless brought under the Court of Claims Act. Because this action was brought in the circuit court, we affirm the circuit court's dismissal of this case for lack of jurisdiction.

---

[7] The response mistakenly cites the incorrect codification of the Court of Claims Act. The intended and proper citation for the Court of Claims Act is 705 ILCS 505/1 *et seq*. (West 2022).

[8] This order was filed under Supreme Court Rule 23 and is only to be cited for persuasive authority in the limited circumstances allowed under Rule 23(e)(1).

¶ 40                                  III. CONCLUSION

¶ 41    We find that the Circuit Court of Madison County's granting of the defendants' motions to dismiss was proper where (1) the claims against all of the defendants, except William Mudge, were barred by the applicable statute of limitations to which no exceptions applied and (2) the claims against William Mudge were barred from being litigated in the circuit court because the circuit court lacked jurisdiction under the Illinois State Immunity Act.

¶ 42    Affirmed.